UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Interlogix, Inc. f/k/a
ITI Technologies, Inc.,

Plaintiff,

v.

Honeywell, Inc., Honeywell International, Inc., Pittway Corporation, System Sensor, Ademco Group and ADI,

Defendants.

Civil No. 01-115 (DSD/JMM)

**PROTECTIVE ORDER**

This matter having come before the Court on a stipulation by the parties for a protective order, and the Court having been fully advised,

IT IS HEREBY ORDERED that the following shall govern pretrial procedures:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" or "Highly Confidential" under this Protective Order.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" or "Highly Confidential" under this Protective Order.

FILED JUL 0 5 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ____________
DEPUTY CLERK'S INITIALS ________

c. The terms "Confidential" and "Highly Confidential" as used in this Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and deposition testimony that the Designating Party designates as Confidential or Highly Confidential. A party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is "a trade secret or other confidential research, development, or commercial information" pursuant to Fed. R. Civ. P. 26(c)(7), or any other materials the party deems to be commercially sensitive. A party may properly designate as Highly Confidential any documents or deposition testimony containing or disclosing trade secrets, confidential research and development information and other highly sensitive business information proprietary to it. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential or Highly Confidential shall also be deemed Confidential or Highly Confidential, respectively.

2. Limited Use. Documents and deposition testimony designated Confidential or Highly Confidential pursuant to this Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential or Highly Confidential is authorized only in accordance with the terms of this Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential or Highly Confidential is prohibited.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Faegre & Benson LLP; Kirkland & Ellis; Winthrop & Weinstine and Fish & Richardson; or future designated attorneys who represent any of the parties in this action;

b. The plaintiff and defendants, and those officers and employees of the parties to this action who need access to the information to assist the Attorneys in representation of the parties;

c. Independent experts, consultants, or persons or firms employed to provide litigation support services who are not competitors of the parties, or employees of competitors of the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d. The Court, Magistrate Judge, Special Masters, or other persons appointed by the Court, and stenographic and other deposition reporters;

e. Deposition witnesses, provided that such deposition witnesses first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f. Commercial copying services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. Disclosure Scope/Highly Confidential Material. Disclosure of Highly Confidential material is permitted only to attorneys, court personnel, third party experts who are not competitors of the Designating Party or employees of competitors of the Designating

Parties, and deposition witnesses who are not competitors of the Designating Party or employees of competitors of the Designating Party. Any such disclosure to third party experts and deposition witnesses will be made only after the witness has signed an undertaking in the form attached hereto as Exhibit A.

5. Notice/Marking. To invoke protection under this Protective Order, the Designating Party shall provide appropriate notice that documents and deposition testimony, or both, are designated Confidential or Highly Confidential.

a. Documents and deposition testimony designated Confidential shall be conspicuously marked as follows:

CONFIDENTIAL

b. Documents and deposition testimony designated Highly Confidential shall be conspicuously marked as follows:

HIGHLY CONFIDENTIAL

c. It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the documents and testimony to be considered as Confidential or Highly Confidential. No document or deposition testimony shall be deemed protected under this Protective Order unless it has been properly marked. It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

6. Disputes As To Confidential Status. The burden of establishing the confidential nature of any document always remains with the Designating Party. Moreover, the mere designation of a document as Confidential or Highly Confidential, without challenge during the discovery phase, does not created a presumption of confidentiality throughout the remainder of the litigation. Accordingly, to ease the discovery process, the

parties agree to allow for the initial designation of a document as Confidential or Highly Confidential, subject to written challenge during the discovery phase. If a challenge occurs and the parties cannot agree to its status within 15 days, the Designating Party has the burden of petitioning the Court for protection within 10 days thereafter. The failure of the Receiving Party to challenge the confidential designation will not create a presumption of confidentiality. Finally, notwithstanding any designations during the discovery phase, the ultimate burden of proof to establish the confidential nature of a document at a hearing on the merits will rest with the Designating Party.

7. Amendment/Modification. This Protective Order may be amended with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel for the parties. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by further Order of the Court.

8. Depositions. All testimony taken by way of depositions in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Protective Order. Testimony given at any deposition may be designated as Confidential or Highly Confidential by indicating on the record that the testimony is Confidential or Highly Confidential and subject to the provisions of this Protective Order. Any persons present at a deposition when testimony is designated Highly Confidential who are not authorized to receive Highly Confidential information are required to leave the deposition room until such time as the testimony on the Highly Confidential matter is concluded. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential or Highly Confidential

according to Paragraph 4. The cover and each page of a deposition transcript containing Confidential or Highly Confidential testimony shall be marked as required by Paragraph 4 above. Counsel for any party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Order.

9. Inadvertent Disclosure. If a party produces any materials in discovery containing proprietary information without having previously marked them "Confidential" or "Highly Confidential," or inadvertently produces any documents to which a claim of privilege attaches, such disclosure shall not be deemed to be a waiver of the right to designate proprietary information as "Confidential" or "Highly "Confidential," or a waiver of any privilege. The party may subsequently designate proprietary information as "Confidential" or "Highly Confidential" by written notice whereupon the opposing parties will from that date forward treat the materials as confidential under the terms of this Protective Order. Upon receiving notice that documents as to which a claim of privilege attaches have been inadvertently produced, counsel for the receiving party shall promptly return the documents in question, without waiving the right subsequently to challenge the claim of privilege on grounds other than inadvertent production.

10. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

11. Exceptions for Subpoena and Other Legal Process. Notwithstanding any provision in this Order, the parties hereto are permitted to disclose Confidential or Highly Confidential documents as may be required pursuant to subpoena or other legal

process served upon the parties hereto, or as required by law, provided that a Receiving Party notifies the Designating Party of such subpoena or other legal process within a reasonable time to afford the Designating Party an opportunity to defend against disclosure pursuant to such subpoena or legal process.

12. Filing with Court. Written materials containing documents or deposition testimony, or other information designated Confidential or Highly Confidential, or copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court, Magistrate Judge, Special Master, or other person appointed by the Court, shall be filed in sealed envelopes, or by other appropriate means the Court may direct, on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court, Magistrate Judge, or Special Master from being hand delivered to ensure that the same is brought promptly to his/her attention, provided that each page that bears information contained or derived from Confidential or Highly Confidential documents and deposition testimony shall be marked as directed in Paragraph 4.

13. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential or Highly Confidential document or deposition transcript, the

Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

14. Final Determination. Upon final determination of this action (including all appeals), each party shall, within thirty (30) days of such determination, either return to the Designating Party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts marked Confidential or Highly Confidential in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, including legal memoranda and opinion letters, which may be retained in conformity with this Protective Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

Dated: [handwritten date]

BY THE COURT:

[signature]

Magistrate Judge John M. Mason

M1:734342.03

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

______________________________________

Interlogix, Inc. f/k/a
ITI Technologies, Inc.,

Plaintiff,

v.

Honeywell, Inc., Honeywell International, Inc., Pittway Corporation, System Sensor, Ademco Group and ADI,

Defendants.

______________________________________

Civil No. 01-115 (DSD/JMM)

**AGREEMENT TO PROTECTIVE ORDER**

STATE OF ____________________ )
) ss.
COUNTY OF __________________ )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiliant's full name and current address is: __________________ ______________________________________________________________________________.

2. Prior to receiving any documents and information designated by ________________________________________ as confidential and/or highly confidential in

the above-captioned action, I was provided with a copy of the Protective Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the U.S. District Court for the District of Minnesota concerning the enforcement of the Order.

4. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Protective Order.

FURTHER AFFIANT SAYETH NOT.

______________________________
Signature of Affiant

Subscribed and sworn to before me
this _____ day of ___________, 2001.

______________________________
Notary Public

M1:734342.03

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Interlogix, Inc. f/k/a
ITI Technologies, Inc.,

Plaintiff,

v.

Honeywell, Inc., Honeywell International, Inc., Pittway Corporation, System Sensor, Ademco Group and ADI,

Defendants.

---

Civil No. 01-115 (DSD/JMM)

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

The parties, by and through their respective duly authorized counsel, stipulate and agree to the entry of the attached proposed Protective Order in the above-captioned case.

Dated: July 2, 2001

WINTHROP & WEINSTINE, P.A.

Brooks F. Poley, #185139
Darrell E. Graham, #290890
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
(612) 347-0700

Attorneys for Plaintiff Interlogix, Inc. f/k/a ITI Technologies, Inc.

FILED ________
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

Dated: July 2, 2001

FAEGRE & BENSON LLP

John D. French, # 31914
Elizabeth H. Schmiesing, #229258
Jonathan T. Haines, # 303379
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 336-3000

Attorneys for Defendants Honeywell, Inc., Honeywell International, Inc., Pittway Corporation, System Sensor, Ademco Group and ADI.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.