UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

INTERLOGIX, INC., f/k/a
ITI Technologies Inc.,

Civil No. 01-115 (DSD/JMM)

Plaintiff,

v.

ORDER

HONEYWELL, INC., HONEYWELL INTERNATIONAL INC., PITTWAY CORPORATION, SYSTEM SENSOR, ADEMCO GROUP and ADI,

Defendants.

The above matter came on for hearing before the undersigned on April 12, 2002 upon Defendants' Motion to Amend the Pretrial Scheduling Order [Docket No. 14]. Brooks F. Poley, Esq. and Darrell E. Graham, Esq. appeared on behalf of Plaintiff; Jonathan Dettmann, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendants' Motion to Amend the Pretrial Scheduling Order [Docket No. 14] is granted in part. An Amended Pretrial Scheduling Order will issue extending the time for completion of depositions, and altering the time for the presentation of expert witness reports.

Dated: April 17, 2002

JOHN M. MASON
United States Magistrate Judge

APR 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

MEMORANDUM

We have granted the Motion for additional time to take depositions, even though Defendants has failed to substantiate that there is good cause for any change in the Pretrial Scheduling Order. The Scheduling Order in this case was amended earlier this year at the request of the Parties. The only real justification offered for Defendants' delays in completing the depositions was a desire to avoid interfering with settlement efforts. The record shows, however, that Defendants were not diligent in scheduling or participating in the settlement conference. More than one year ago [see Docket No. 7], this Court was advised that it was the intention of the Parties to pursue settlement discussions, and some meetings have apparently taken place, but the Parties have not pursued the subject with diligence. Nonetheless, given the unique Scheduling Order which has from time to time been agreed upon by the Parties, there is a sufficient gap between the completion of non-expert discovery and the completion of all discovery to permit the schedule to be amended to accommodate the desire of Defendants to take additional depositions. Plaintiff has sought to be permitted to take additional depositions, in the event Defendants are permitted to do so.

On March 6, 2002, Defendants served written discovery upon Plaintiff. Plaintiff objected upon the ground that it was untimely, because the Pretrial Scheduling Order required that "discovery shall be commenced in time to be completed by" April 1, 2002. Defendants contend that this discovery was timely. This issue is not presently before the Court, so the Order granting additional time for depositions is without prejudice to the opportunity for Defendants to present a Motion to Compel responses to this written discovery. The Court will be available if the Parties desire that this Motion be heard on an

expedited basis.

In order to accommodate the additional time for completing depositions, we have also altered the time for the presentation of the expert witness disclosures. We have also specified that the initial deadlines apply to those Parties with the burden of proof, since this is a case in which each of the Parties has a burden of proof as to some issues.

J.M.M.